IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| MATTHEW L. DECKER, )<br>)<br>Plaintiff, )<br>)<br>)      **COMPLAINT**<br>v. )<br>)      **JURY TRIAL DEMANDED**<br>EQUIFAX INFORMATION SERVICES, )<br>LLC, and PENNSYVANIA STATE )<br>CREDIT UNION. )<br>)<br>Defendants. ) | |

## COMPLAINT

1. The jurisdiction of this Court attains pursuant to the FCRA, 15 U.S.C. Section 1681(p), and the doctrine of pendent jurisdiction. Venue lies in the Northern District of Georgia as Plaintiff's claims arose from acts of the defendants perpetrated therein.

## PRELIMINARY STATEMENT

2. Plaintiff brings this action for damages based upon defendants' violations of the Fair Credit Reporting Act, 15 U.S.C. sections 1681 *et seq.* ("FCRA").

3. Plaintiff is a "consumer" as defined by sections 1681 a(c) of the

FCRA.

4. Pennsylvania State Employees Credit Union ("PSECU") is a credit union furnishing information in the State of Georgia.

5. PSECU can be served for process at 1500 Elmerton Ave., Harrisburg, PA 17110.

6. PSECU is a furnisher of information as contemplated by FCRA section 1681s-2(a) & (b), that regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about consumer transactions or experiences with any consumer.

7. Equifax Information Services LLC, ("Equifax"), is a foreign profit corporation entity licensed to do business in the State of Georgia.

8. Equifax is a consumer reporting agency, as defined in section 1681(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

## FACTUAL ALLEGATIONS

9. Plaintiff's creditworthiness has been repeatedly compromised by the acts and omissions of the defendants.

10. In or around February 2020, PSECU started reporting to the credit reporting

agencies that Plaintiff had an unpaid balance of approximately $24,119.

11. Plaintiff had a zero balance with PSECU at that time.

12. Plaintiff noticed that PSECU incorrectly continued to report a balance.

13. In or around April 2020, plaintiff began contesting this balance to the credit agencies.

14. In or around April 2020, Plaintiff mailed dispute to EQUIFAX.

15. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

16. In or around April 2020, PSECU verified the disputed balance to EQUIFAX.

17. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

18. In or about April 16, 2020, EQUIFAX notified the Plaintiff of its results.

19. In said response, EQUIFAX verified the information being reported as accurate.

20. Failing to correct this issue caused emotional distress.

21. Failing to correct this issue stopped the Plaintiff from moving forward with a home loan.

22. In or around late April 2020, Plaintiff mailed dispute to EQUIFAX.

23. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

24. In or around late April 2020, PSECU verified the disputed balance to EQUIFAX.

25. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

26. In or about April 22, 2020, EQUIFAX notified the Plaintiff of its results.

27. In said response, EQUIFAX verified the information being reported as accurate.

28. Failing to correct this issue caused emotional distress.

29. Failing to correct this issue continued to stop the Plaintiff from moving forward with a home loan.

30. In or around early April 2020, Plaintiff mailed dispute to EQUIFAX.

31. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

32. In or around early April 2020, PSECU verified the disputed balance to EQUIFAX.

33. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

34. In or about April 29, 2020, EQUIFAX notified the Plaintiff of its results.

35. In said response, EQUIFAX verified the information being reported as accurate.

36. Failing to correct this issue caused emotional distress.

37. Failing to correct this issue continued to stop the Plaintiff from moving forward with a home loan.

38. In or around late May 2020, Plaintiff mailed dispute to EQUIFAX.

39. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

40. In or around late May 2020, PSECU verified the disputed balance to EQUIFAX.

41. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

42. In or around May 7, 2020, EQUIFAX notified the Plaintiff of its results.

43. In said response, EQUIFAX verified the information being reported as accurate.

44. Failing to correct this issue caused emotional distress.

45. Failing to correct this issue continued to stop the Plaintiff from moving forward with a home loan.

46. In or around May 2020, Plaintiff mailed dispute to EQUIFAX.

47. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

48. In or around May 2020, PSECU verified the disputed balance to EQUIFAX.

49. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

50. In or around May 20, 2020, EQUIFAX notified the Plaintiff of its results.

51. In said response, EQUIFAX verified the information being reported as accurate.

52. In or around June 2020, Plaintiff mailed dispute to EQUIFAX.

53. Upon information and belief, Equifax notified PSECU of the dispute and the content of the dispute.

54. In or around June 2020, PSECU verified the disputed balance to EQUIFAX.

55. Upon information and belief, EQUIFAX failed to conduce a reasonable investigation and did not remove the false balance.

56. In or around June 23, 2020, EQUIFAX notified the Plaintiff of its results.

57. In said response, EQUIFAX verified the information being reported as accurate.

58. Failing to correct this issue caused emotional distress.

59. Failing to correct this issue continued to stop the Plaintiff from moving forward with a home loan.

60. From about April 2020 to the date of the complaint, PSECU started and continued to report false, derogatory information to credit reporting agencies including Equifax stating plaintiff was owed monies regarding the account.

61. Between April 2020 and the date of this complaint, plaintiff disputed the PSECU account information with Equifax multiple times.

62. Upon information and belief, Equifax notified PSECU after every dispute.

63. PSECU reverified the reporting to Equifax multiple times.

64. Equifax failed in its duty to reinvestigate the claims by plaintiff.

65. Equifax published this information to FEDERAL HOME LOAN MORTGAGE CORP on March 10, 2020.

66. Equifax published this information to Capital One on April 28, 2020.

67. Equifax published this information to CITI CARDS CBNA on May 26, 2020.

68. Equifax published this information to MACYS/DSNB on May 26, 2020.

69. Equifax published this information to AMERIPRISE AUTO & HOME INSURANCE on May 29, 2020.

70. Equifax published this information to CITI, NA. on June 7, 2020.

71. As a result of the derogatory information reported by PSECU, plaintiff abstained from applying for credit. Plaintiff has sustained actual damages including emotional distress and pecuniary loss.

### STATEMENT OF CLAIMS AGAINST PSECU

72. Plaintiff realleges and incorporates paragraphs 1 through 71.

a) willfully and/or negligently violated the provisions of the FCRA by willfully

and/or negligently failing to comport with FCRA section 1681s-2(b);

b) defamed plaintiff by publishing to third parties information regarding his creditworthiness;

c) invaded the privacy of plaintiff; and

d) failed its duty to prevent foreseeable injury to plaintiff.

### STATEMENT OF CLAIMS AGAINST EQUIFAX

73. Plaintiff realleges and incorporates paragraphs 1 through 71.

74. EQUIFAX negligently failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

75. Because of defendant's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages, including economic loss, denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

76. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681o(a).

77. Further, Defendant willfully failed to comply with the requirements of the FCRA, including but not limited to, 15 U.S.C. §1681b, e and i.

78. Because of defendant's failure to comply with the requirements of the FCRA, plaintiff suffered and continues to suffer, actual damages, including economic loss,

denial of credit, lost opportunity to receive credit, damage to reputation, invasion of privacy, emotional distress and interference with Plaintiff's normal and usual activities for which Plaintiff seeks damages in an amount to be determined by the jury.

79. Plaintiff also seeks punitive damages in an amount to be determined by the jury.

80. Plaintiff requests attorney fees pursuant to 15 U.S.C. § 1681n(a).

## PRAYER FOR RELIEF

THEREFORE, plaintiff prays that the Court grant the following relief as against Defendants:

a) actual damages;

b) punitive damages;

c) attorney's fees; and

d) costs.

Dated: July 27th, 2020

Respectfully submitted,

JOSEPH P. MCCLELLAND, LLC

*/s/Joseph P. McClelland, Esq.*
Joseph P. McClelland, Esq.
GA BAR No. 483407
545 N. McDonough Street, Suite 210
Decatur, Georgia 30030

Telephone: (770) 775-0938
joseph@jacksonlaws.com

**Attorney for Plaintiff**

### CERTIFICATION OF FONT

I hereby certify that the foregoing document has been prepared in 14-point Times New Roman font and complies with LR 5.1(B), N.D. Ga.